# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6453 | **DATE** | October 5, 2011 |
| **CASE TITLE** | *Basili v. Maple Park Academy* | | |

**DOCKET ENTRY TEXT:**

Ms. Basili's motions for leave to proceed in forma pauperis [#4] and for appointment of counsel [#5] are denied. Ms. Basili must pay the full filing fee by 10/24/2011 or this case will be dismissed for want of prosecution.

■[ For further details see text below.]

## STATEMENT

    Pro se plaintiff Patricia Basili contends that her employer failed to promote her based on her age. She seeks leave to proceed in forma pauperis and asks the court to appoint counsel.

    With respect to the request to proceed in forma pauperis, "[i]n evaluating the funds available to in forma pauperis movants, courts may consider the income or resources of interested persons, such as spouses and parents." *Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969 at *4 (N.D. Ill. Sept. 26, 2003) (collecting cases). Ms. Basili's total household income is $90,000/year. In addition, Ms. Basili indicates that she completed post-graduate education, has assets exceeding $200, and owns real property. Nevertheless, she did not answer the IFP form's questions about these assets despite instructions on the form directing her to "answer every question" and "not leave any blanks." The court finds that Ms. Basili is not entitled to proceed as a pauper as she has failed to demonstrate that her poverty prevents her from simultaneously paying the administrative fees to commence her lawsuit and providing the necessities of life for herself and her dependents. *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), *citing Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Accordingly, the motion for leave to proceed in forma pauperis [#4] is denied. Ms. Basili must pay the full filing fee by 10/24/2011 or this case will be dismissed for want of prosecution.

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

## STATEMENT

In support of her motion for appointment of counsel, Ms. Basili states that she "would like an attorney to represent [her]" but she does "not know one who handles discrimination." Civil litigants do not have a right, either constitutional or statutory, to counsel. *Zarnes v. Rhodes*, 64 F.3d 285,288 (7th Cir. 1995). The court may nevertheless, in the exercise of its discretion, request counsel to represent indigents in appropriate cases. *Id*. A litigant who seeks appointment of counsel must first, as a threshold matter, make a reasonable attempt to secure private counsel. *Id*. If a litigant satisfies this burden, the court should consider the following nonexhaustive list of factors: "(1) the merits of the plaintiff's claims; (2) whether the plaintiff can investigate crucial facts; (3) whether trained counsel will better expose the truth; (4) the plaintiff's ability to present the case; and (5) the complexity of the relevant legal issues." *Id*. In essence, this inquiry boils down to the simple question, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?" *Id*.

Ms. Basili is not indigent. In any event, even if she was financially eligible for appointed counsel, she has not made any efforts to retain counsel and is able to present her position in a cogent fashion. Thus, the motion for appointment of counsel [#5] is denied.

In closing, the court notes that because Ms. Basili is proceeding pro se, it will construe all of her filings generously. Moreover, she may make an appointment with the Pro Se Assistance attorney if she wishes to do so. The Pro Se Assistance Program operates by appointment and in-person only. Appointments may be made at the Clerk's Office Intake Desk, Dirksen Building, 219 S. Dearborn, 20th floor, or by calling (312) 435-5691.